**BRUNS, NORDEMAN & CO.**

v.

**The EXCHANGE CORP. et al.**

**No. 67 Civ. 2408.**

United States District Court
S. D. New York.

Nov. 6, 1967.

---

I. Oregon Revised Statutes.

388

Colton & Pinkham, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant American Nat. Bank & Trust Co.

Riesner, Jawitz & Holland, New York City, for defendant Exchange Corp., & Maurice Benjamin.

RYAN, District Judge.

Defendant AMERICAN NATIONAL BANK AND TRUST COMPANY (the Bank) has moved to dismiss this suit as to it on the ground of improper venue.

It is not disputed that the Bank is a national bank and has its principal office and place of business in Chicago. Dismissal is sought by the Bank under the venue provisions of Title 12 U.S.C. Section 94. The Bank contends it can be sued only in the Northern District of Illinois.

Plaintiff asserts jurisdiction under Sections 5, 12 and 17 (Title 15 U.S.C. Sections 77e, 77$l$(1) and 77(q) of the Securities Act of 1933 and Section 10(b) (Title 15 U.S.C. Section 78j) of the Securities Exchange Act of 1934 and Rule 10b–5. We assume for the purposes of this motion that this Court has jurisdiction of the subject matter of the complaint and that the complaint states a claim for relief under the law cited.

Plaintiff does not ask that the suit be severed and transferred to the Northern District of Illinois, should we conclude that venue is improperly laid in this District as to the Bank.

The question presented is whether the terms of Section 94 of the National Bank Act or the venue provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 are controlling as to the claims pleaded.

We have concluded that Section 94 of the National Bank Act is still mandatory and has not been impliedly repealed or modified by any section or provisions of the 1933 or 1934 Acts. We accept in toto the conclusions and reasoning of our brother Judge Tenney in General Electric Credit Corp. v. James Talcott, Inc. et al., D.C., 271 F.Supp. 699. We are not unmindful of the decision of our learned brother Judge Coolahan of the District of New Jersey in Levin v. Great Western Sugar Co., 274 F.Supp. 974, (September 29, 1967).

Motion granted; complaint dismissed as to defendant Bank for improper venue; let an order be settled so providing.